CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 14 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JOSEPH EDWARDS, </br> Plaintiff, | Civil Action No. 7:07-cv-00227 |
| v. | **MEMORANDUM OPINION** |
| UNKNOWN DEFENDANT(S), et. al., </br> Defendant(s). | By: Hon. James C. Turk </br> Senior United States District Judge |

Plaintiff Joseph Edwards, a Virginia inmate proceeding pro se, styled his submission as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. His allegations, however, indicate that his action is more appropriately construed as arising under the Civil Rights Act, 42 U.S.C. §1983, with jurisdiction vested under 28 U.S.C. §1343. To the extent that the court can decipher his petition, he appears to complain that vampires at Marion Correctional Treatment Center are tricking him out of his money somehow and may be trying to kill him because he has money in the bank. At one point, he says that he is God. He wants to be transferred to Powhatan Correctional Center or to Spain, Ohio. Upon consideration of the complaint, the court finds that this action should be dismissed pursuant to 28 U.S.C. §1915A(b)(1) for failure to state a claim upon which relief may be granted.[1]

Edwards writes his allegations on the lines of a form designed for filing habeas petitions under § 2254. Instead of filling in the requested answers to the questions on the form, however, he fills those lines with rambling, incoherent phrases in a barely legible scrawl. As stated in the introduction paragraph, he appears to believe that officers at Marion are vampires, trying to kill him

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be dismissed under §1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

1

and take his money. He wants to be transferred. Over and over, he writes, "I want to go to Spain Ohio. None of the allegations have any bearing on the fact or length of his confinement in the Virginia prison system for violations of Virginia criminal law.

Because he apparently disagrees with the housing assignment that prison officials have given him and with the manner in which they have deducted funds from his inmate account, the court construes his petition as a civil rights complaint under § 1983.[2] Once having made this construction, however, the court also finds that the complaint must be dismissed without prejudice as frivolous. The court is satisfied that his complaints about these official actions are either not actionable under § 1983 or are completely without basis in fact.

An inmate has no constitutional right to be housed in any particular prison. Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215 (1976). Moreover, allegations that prison officials randomly deprived an inmate of his property, whether intentionally or as a result of negligence, do not state any constitutional claim "if a meaningful post-deprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517 (1984). Because Virginia inmates have tort remedies under Virginia state law to recover the value of property taken under such circumstances, see Virginia Code § 8.01-195.3, they have no due process claim.[3]

---

[2]To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988).

[3]To the extent that Edwards is arguing that prison officials wrongfully took his money pursuant to an official policy of some sort, it is also clear that he has no claim here. See Parratt v. Taylor, 451 U.S. 527, 537 (1981) (deprivations pursuant to official policy sometimes require pre-deprivation procedures). His own submissions of computer printouts of his inmate account activity indicate that procedural protections are afforded by prison officials to ensure that deprivations pursuant to the policy are lawful and that post-deprivation remedies are also available. Edwards does

2

Edwards clearly has no constitutional right to the transfers he requests, so his claims for transfer must be dismissed. Similarly, his claims regarding his lost money must also be dismissed, as he fails to demonstrate any entitlement to relief under federal law. He asserts that the "vampire" officers took his money. Such random deprivations, whether negligent or intentional, do not violate any constitutional right. To the extent that he seeks return of the funds, he may pursue a tort action under Virginia law. Finally, his allegations that vampires are trying to kill him must be dismissed as frivolous, having no basis in fact. The court cannot allow him to harass prison officials with a meritless lawsuit arising from nothing more than his delusions and mental confusion.[4] Accordingly, the court finds that plaintiff's complaint must be dismissed as frivolous, pursuant to §1915A(b)(1). An appropriate order shall be entered this day.

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This 14th day of May, 2007.

/s/ James C. Turk
Senior United States District Judge

---

not demonstrate that these procedures are constitutionally inadequate to protect his interests. The fact that Edwards apparently disagrees with officials' accounting of his money does not indicate that procedural protections are adequate.

[4] Under § 1915A, the district court has the authority to dismiss prisoner complaints as frivolous if they were based on "indisputably meritless legal theories" or "clearly baseless," or "fanciful," factual contentions. See Neitzke v. Williams, 490 U.S. 319, 324-25 (1989) (interpreting former version of § 1915(d)). Under this standard of frivolity, "a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Denton v. Hernandez, 504 U.S. 25, 32 (1992).